## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**SCOTT J. REDMAN (in his capacity as Trustee),**

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**& TRAINING FUND, WISCONSIN LABORERS**
**DRUG FUND, WISCONSIN LABORERS**
**INDUSTRY ADVANCEMENT PROGRAM FUND,**
**BUILDING AND PUBLIC WORKS VACATION**
**FUND, and JOHN J. SCHMITT (in his capacity**
**as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

                          **Plaintiffs,**

          **v.**                                          **Case No.**  18-cv-977

**IVERSON CONSTRUCTION, LLC**
**LARRY IVERSON and**
**RICHARD IVERSON,**

                          **Defendants.**

_____

### COMPLAINT

_____

    **NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendants, alleged and show the Court the following:

    1.    This is an action by the Plaintiffs to both collect delinquencies and to enforce a settlement agreement signed between the parties.

**Jurisdiction and Venue**

2.    Jurisdiction of this Court upon Defendant Iverson Construction, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and Section 301(a) of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185(a)) in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans and the common law of the State of Wisconsin.  The Court additionally has supplemental jurisdiction to hear the Plaintiffs' claims for breach of settlement agreement, civil theft under §§ 895.446 and 943.20 Wis. Stats., and common law conversion.

3.    Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiffs' principal place of business is located at Dane County, Wisconsin.

**Parties**

4.    Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said plan.  Said plan maintains offices at 500 Elm Grove Road, Room 300, Elm Grove, Wisconsin 53122.

5.    Plaintiff Scott J. Redman is a Trustee and a fiduciary of the Building

Trades United Pension Trust Fund, as well as a participant within the meaning of ERISA (29 U.S.C. § 1002(7)) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for.  Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

6.      Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Wisconsin Laborers Apprenticeship and Training Fund, Wisconsin Laborers Drug Fund, and Building and Public Works Vacation Fund are employee benefit plans within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said plan. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin, 53532.

7.      Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a plaintiff in this action. Mr. Schmitt maintains an office at 4633 LUINA Way, Suite 101, DeForest, Wisconsin 53532.

8.      Plaintiff Wisconsin Laborers District Council is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LUINA Way, Suite 101, DeForest, Wisconsin 53532.

9.      Plaintiffs Wisconsin Laborers Industry Advancement Program Fund ("IAP Fund"), and Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") are employee benefit plans governed by a board of trustees consisting

of union and labor employee appointees as provided by LMRA §302(c)(5). Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

10.     Iverson Construction, LLC ("Iverson Construction") is a domestic limited liability company organized under the laws of Wisconsin, engaged in business, with principal offices located at 3190 County Road N, Cottage Grove, WI 53527.

11.     Upon information and belief, Larry Iverson is an adult resident of the State of Wisconsin, with a residence located at 9523 N. Murray Road, Evansville, WI 53536.

12.     Upon information and belief, Richard Iverson is an adult resident of the State of Wisconsin, with a residence located at 2588 Iverson Road 1, Stoughton, WI 53589.

## Facts

13.     Iverson Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

14.     For all times relevant, Iverson Construction was a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Wisconsin Laborers District Council ("Union").

15.     The Union represents, for purposes of collective bargaining, certain Iverson Construction employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. § 151, et seq.).

16.     The Labor Agreements described herein contain provisions whereby Iverson Construction agreed to make timely payments to the Plaintiffs' trust funds for

each employee covered by said Labor Agreements.

17. By agreeing to the labor agreements described herein, Iverson Construction also agreed to be bound by the trust agreements for each of the Plaintiff Funds.  These trust agreements permit the Plaintiff Funds to collect, in addition to unpaid contributions, interest at 18 percent per annum, liquidated damages of 20 percent for any case that was referred to counsel following employer non-payment, and their actual attorney fees and costs incurred during litigation.

18. As a result of Iverson Construction's previous breaches of its obligation to make timely payments to the Plaintiffs' trust funds, audits covering the period January 1, 2013 through March 31, 2015 and April 1, 2015 through September 30, 2016 for the Building Trades United Pension Trust Fund, and January 1, 2014 through December 31, 2014, January 1, 2015 through March 31, 2015 for the Wisconsin Laborers Fringe Benefit Funds, revealing unpaid contributions, interest, and liquidated damages totaling $271,423.47, in total contributions, interest, liquidated damages, and dues as remaining owed.

19. In order to forestall the Plaintiff Funds from immediately attempting to pursue a judgment and collect the judgment in full, Iverson Construction entered into a settlement agreement with the Plaintiff Funds.

20. After applying payments, pursuant to the settlement agreement, Iverson Construction agreed that it owed to the Plaintiffs the total of $186,113.26, for hours worked by its employees through the periods detailed in paragraph 18 herein.  The settlement agreement required Adkins Construction to repay $146,360.41 to pay off the delinquency by making monthly installment payments until contributions, interest, and

working dues were paid, and by applying for and receiving a liquidated damages waiver.

21.     After making a number of payments between February 2017 and June 2018, totaling, Iverson Construction has not made any other payments required by the settlement agreement, so that its failure to make the payments required by the settlement agreement constitutes a default of the settlement agreement.

22.     Pursuant to the settlement agreement, Iverson Construction agreed that it would remain current with the Funds and Union by making required monthly remittance payments for each our worked by an employee doing covered work, as defined in the Labor Agreements.

23.     Iverson Construction has failed to remain current with the Wisconsin Laborers Fringe Benefit Funds and Building Trades United Pension Trust Fund after failing to submit contributions to the Funds, as new audits for the period of May 1, 2017 through April 30, 2018 and October 1, 2016 through December 31, 2017 revealed additional contributions, interest, and liquidated damages totaling $30,236.62, so that its failure to remain current as required by the settlement agreement constitutes a default of the settlement agreement.

24.     In addition to the audits detailed in Paragraph 23, new audits for the period of May 1, 2018 through September 30, 2018 and January 1, 2018 through September 30, 2018 revealed contributions, interest, and liquidated damages totaling $105,690.07.

25.     As required by the settlement agreement, the Plaintiffs gave Iverson Construction notice of its default on July 19, 2018, and an opportunity to cure the default by submitting the required monthly payment under the settlement agreement and

bringing itself current with its monthly remittances.

26.     Iverson Construction's failure to cure its defaults constitutes a breach of the settlement agreement, thus entitling the Plaintiffs to file suit for the full amount of $186,113.26 that Adkins Construction has admitted are owing to the Plaintiffs, minus payments made according to and outside the settlement agreement that the Plaintiffs have received from Iverson Construction, as well as all unpaid monthly contributions.

27.     After deducting what has been paid by Adkins Construction pursuant to the Settlement Agreement, and incorporating the new audits detailed in Paragraph 23 and 24 above, Iverson Construction currently owes the Funds the following:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $25,480.89 |
| Wisconsin Laborers Health Fund | $138,999.39 |
| Wisconsin Laborers Pension Fund | $92,292.17 |
| Wisconsin Laborers Apprenticeship & Training Fund | $4,530.77 |
| Wisconsin Laborers District Council | $13,278.06 |
| Wisconsin Laborers LECET Fund | $1,155.11 |
| Wisconsin Laborers Industry Advancement Program Fund | $37.87 |
| Wisconsin Laborers Drug Fund | $25.75 |
| Building and Public Works Laborers Vacation Fund | $7,119.46 |

28.     Upon information and belief, during the audit periods detailed above, Larry Iverson oversaw payroll matters, including but not limited to deducting or authorizing the deduction of wages from various Iverson Construction employees' paychecks for purposes of paying working dues or vacation fund monies.

29.     Upon information and belief, during the audit periods detailed above, Richard Iverson oversaw payroll matters, including but not limited to deducting or authorizing the deduction of wages from various Iverson Construction employees' paychecks for purposes of paying working dues or vacation fund monies.

30.     Upon information and belief, Iverson Construction failed to forward monies

deducted from employees' paychecks for purposes of paying dues and vacation fund contributions to the Wisconsin Laborers District Council and Building and Public Workers Laborers Vacation Fund as instructed by completed employee dues authorization cards.

### Claim One - Against Defendant Iverson Construction, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

31.     As and for a first claim for relief against Iverson Construction, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 30 above and incorporate the same as though fully set forth herein word for word.

32.     For purpose of this claim (Claim One), the Building Trades United Pension Trust Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund Wisconsin Laborers Apprenticeship & Training Fund, Wisconsin Laborers Drug Fund, and Building and Public Works Laborers Vacation Fund are hereinafter referred to as the "Funds."

33.     Due demand has been made by the Plaintiff Funds upon Iverson Construction for payment of all sums due and owing but said Defendant has failed to pay them, or any parts thereof, and amounts remain due and owing.

34.     Because Iverson Construction has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries are curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

35.     Because Iverson Construction has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.   These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

36.     Pursuant to 29 U.S.C. §1145, the Plaintiff Funds may file suit to collect all contributions, interest, and liquidated damages owed to them by Iverson Construction, as a result of its breach of its contractual obligation to submit contributions to the Plaintiff Funds.

**WHEREFORE**, the Union demands the following relief:

1.     Judgment on behalf of the Funds and against Iverson Construction:

A.     For $261,162.59, representing unpaid contributions, interest, and liquidated damages owed to the Union for the audit periods covering January 1, 2014 through September 30, 2018 to the Wisconsin Laborers Funds and January 1, 2013 through September 30, 2018 to the Building Trades United Pension Trust Fund;

B.     For unpaid contributions, interest, and liquidated damages owed to the Funds for the period October 1, 2018 through the present for the Wisconsin Laborers Funds and the Building Trades United Pension Trust Fund;

C.      For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D.      Actual attorney fees and the costs of any investigation and litigation related to this action.

2.      For such other, further, or different relief as this Court deems just and proper.

## Claim Two - Against Defendant Iverson Construction, Inc.
## Violation of LMRA § 301 (29 U.S.C. §185)

37.      As and for a second claim for relief against Iverson Construction, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above and incorporate the same as though fully set forth herein word for word.

38.      For the purposes of this claim (Claim Two), the IAP Fund and LECET Fund are hereinafter referred to as the "Funds" and the Wisconsin Laborers District Council is hereinafter referred to as the "Union."

39.      Due demand has been made upon Iverson Construction for payment of the contributions, interest, and working dues listed above as owed to the Funds and the Union, but said Defendant has failed to pay them, or parts thereof, and amounts remain due and owing.

40.      Because, as the Fund and Union are informed and believe, Iverson Construction has not paid timely and prompt contributions on behalf of all covered employees, those amounts are owed to the Funds and Union and their incomes are reduced and their members may be forced to pay working dues out of pocket or have

eligibility terminated and benefits reduced for which they would otherwise qualify, even though said amounts may have already been deducted from their paychecks by Iverson Construction. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements. Consequently, the LMRA has been violated, and the Union and Fund are entitled to all of the remedies provided by the LMRA.

WHEREFORE, the Fund and Union demand the following relief:

1.      Judgment on behalf of the Funds and against Iverson Construction:

      A.      For $14,471.04, representing unpaid contributions, interest, and working dues owed to the Funds and Union for the audit periods covering January 1, 2014 through September 30, 2018;

      B.      For unpaid contributions, interest, and working dues owed to the Funds for the period October 1, 2018 through the present;

      C.      For unpaid contributions, interest, and working dues becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      D.      Actual attorney fees and the costs of any investigation and litigation related to this action.

2.      For such other, further, or different relief as this Court deems just and proper.

**Claim Three – Wisconsin Laborers District Council and
Building and Public Works Laborers Vacation Fund Claim
Against Larry Iverson, Personally,
Civil Theft, §§ 895.446 and 943.20, Wis. Stats.**

41.     As and for a claim for relief against Defendant Larry Iverson, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above and incorporate the same as though fully set forth herein word for word.

42.     By his intentional conduct and by virtue of her position as a shareholder, corporate officer, director, and/or president of Iverson Construction, Larry Iverson has retained possession of working dues and monies owed to the Building and Public Works Laborers Vacation Fund (for purposes of Claim Three, the "Fund") without the Union's and Fund's consent.

43.     Larry Iverson has intentionally retained working dues and vacation fund monies with the intent to convert said monies for his own use or for the use of Iverson Construction.

44.     By virtue of his conduct, Larry Iverson has violated Wis. Stats. §§ 895.446 and 943.20.

**WHEREFORE**, the Union and Fund demand the following relief:

1.     Judgment on behalf of the Union and Building and Public Works Laborers Vacation Fund and against Larry Iverson, jointly and severally:

> A.     For $20,397.52, representing unpaid working dues owed to the Union for the audit period January 1, 2014 through September 30, 2018;
>
> B.     For treble (exemplary) damages of not more than $61,192.56;
>
> C.     For any amounts deducted from Iverson Construction's employees' paychecks which have not been paid to the Union for working dues

for the period October 1, 2018 through the date this action was commenced;

D.    For treble (exemplary) damages of not more than three times the amount deducted from Iverson Construction's employees' paychecks which have not been paid to the Union for working dues for the period October 1, 2018 through the date this action was commenced;

E.    For unpaid working dues and vacation fund monies owed to the Union and Fund becoming due and/or arising after the commencement of this action through the date of judgment;

F.    For treble (exemplary) damages of not more than three times the unpaid working dues and vacation fund monies owed to the Union and Fund becoming due and/or arising after the commencement of this action through the date of judgment; and

G.    Actual attorney fees and the costs of any investigation and litigation related to this action.

2.    For such other, further, or different relief as this Court deems just and proper.

## Claim Four – Wisconsin Laborers District Council and Building and Public Works Laborers Vacation Fund Claim Against Larry Iverson, Personally Common Law Conversion

45.    As an alternative to Claim Four, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 44 above and incorporate the same as though fully set forth herein word for word.

46.     Larry Iverson did not have authority, legal or otherwise, from the Union and Building and Public Workers Laborers Vacation Fund (for purposes of Claim Four, the "Fund")   to deduct monies from Iverson Construction's employees' paychecks without turning said monies over to the Union or Fund or to use said monies for any purpose other than to pay Iverson Construction's employees' working dues and Fund contributions.

47.     By virtue of Larry Iverson's intentional conduct, the Union and Fund has not received working dues and vacation fund monies for its members, even though said monies have been deducted from the members' paychecks.

48.     Through his intentional conduct of deducting working dues and vacation fund monies from Iverson Construction's employees' paychecks and failing to forward those dues to the Union and Fund, Larry Iverson took property belonging to the Union and Fund and has interfered with said Plaintiffs' lawful rights to possess the working dues and Fund contributions.

**WHEREFORE**, the Union and Fund demand the following relief:

1.     Judgment on behalf of the Union and Building and Public Works Laborers Vacation Fund and against Larry Iverson, jointly and severally:

    A.     For $20,397.52, representing unpaid working dues owed to the Union for the audit period January 1, 2014 through September 30, 2018;

    B.     For any amounts deducted from Iverson Construction's employees' paychecks which have not been paid to the Union for working dues

for the period October 1, 2018 through the date this action was commenced;

C.     For unpaid working dues and vacation fund monies owed to the Union and Fund becoming due and/or arising after the commencement of this action through the date of judgment;

2.     For such other, further, or different relief as this Court deems just and proper.

### Claim Five – Wisconsin Laborers District Council and Building and Public Works Laborers Vacation Fund Claim Against Richard Iverson, Personally, Civil Theft, §§ 895.446 and 943.20, Wis. Stats.

49.     As and for a claim for relief against Defendant Richard Iverson, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 48 above and incorporate the same as though fully set forth herein word for word.

50.     By his intentional conduct and by virtue of her position as a shareholder, corporate officer, director, and/or president of Iverson Construction, Richard Iverson has retained possession of working dues and monies owed to the Building and Public Works Laborers Vacation Fund (for purposes of Claim Five, the "Fund") without the Union's and Fund's consent.

51.     Richard Iverson has intentionally retained working dues and vacation fund monies with the intent to convert said monies for his own use or for the use of Iverson Construction.

52.     By virtue of his conduct, Richard Iverson has violated Wis. Stats. §§ 895.446 and 943.20.

**WHEREFORE**, the Union and Fund demand the following relief:

1.      Judgment on behalf of the Union and Building and Public Works Laborers Vacation Fund and against Richard Iverson, jointly and severally:

A.      For $20,397.52, representing unpaid working dues owed to the Union for the audit period January 1, 2014 through September 30, 2018;

B.      For treble (exemplary) damages of not more than $61,192.56;

C.      For any amounts deducted from Iverson Construction's employees' paychecks which have not been paid to the Union for working dues for the period October 1, 2018 through the date this action was commenced;

D.      For treble (exemplary) damages of not more than three times the amount deducted from Iverson Construction's employees' paychecks which have not been paid to the Union for working dues for the period October 1, 2018 through the date this action was commenced;

E.      For unpaid working dues and vacation fund monies owed to the Union and Fund becoming due and/or arising after the commencement of this action through the date of judgment;

F.      For treble (exemplary) damages of not more than three times the unpaid working dues and vacation fund monies owed to the Union and Fund becoming due and/or arising after the commencement of this action through the date of judgment; and

G.     Actual attorney fees and the costs of any investigation and litigation related to this action.

2.     For such other, further, or different relief as this Court deems just and proper.

**Claim Six – Wisconsin Laborers District Council and Building and Public Works Laborers Vacation Fund Claim Against Richard Iverson, Personally Common Law Conversion**

53.     As an alternative to Claim Five, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 44 above and incorporate the same as though fully set forth herein word for word.

54.     Richard Iverson did not have authority, legal or otherwise, from the Union and Building and Public Workers Laborers Vacation Fund (for purposes of Claim Six, the "Fund")  to deduct monies from Iverson Construction's employees' paychecks without turning said monies over to the Union or Fund or to use said monies for any purpose other than to pay Iverson Construction's employees' working dues and Fund contributions.

55.     By virtue of Richard Iverson's intentional conduct, the Union and Fund has not received working dues and vacation fund monies for its members, even though said monies have been deducted from the members' paychecks.

56.     Through his intentional conduct of deducting working dues and vacation fund monies from Iverson Construction's employees' paychecks and failing to forward those dues to the Union and Fund, Richard Iverson took property belonging to the Union and Fund and has interfered with said Plaintiffs' lawful rights to possess the working dues and Fund contributions.

**WHEREFORE**, the Union and Fund demand the following relief:

1.      Judgment on behalf of the Union and Building and Public Works Laborers Vacation Fund and against Richard Iverson, jointly and severally:

> A.      For $20,397.52, representing unpaid working dues owed to the Union for the audit period January 1, 2014 through September 30, 2018;
>
> B.      For any amounts deducted from Iverson Construction's employees' paychecks which have not been paid to the Union for working dues for the period October 1, 2018 through the date this action was commenced;
>
> C.      For unpaid working dues and vacation fund monies owed to the Union and Fund becoming due and/or arising after the commencement of this action through the date of judgment;

2.      For such other, further, or different relief as this Court deems just and proper.

## Claim Seven - Against Defendant Iverson Construction, Inc. For Breach of Contract

57.      As and for a seventh claim for relief against Iverson Construction, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 56 of the complaint.

58.      By entering into a settlement agreement with the Plaintiffs, Iverson Construction agreed that it owed to the Plaintiffs the amount of $186,113.26 and to pay to the Plaintiffs $146,360.41.

59.   By failing to make payments required by the settlement agreement, and becoming in default of the settlement agreement, Iverson Construction has breached the settlement agreement.

60.   The Plaintiffs therefore can enforce Iverson Construction's promise to pay the entire amount of $186,113.26 owed under the agreement, minus installment payments received to the Plaintiffs through a breach of contract action.

**WHEREFORE**, the Plaintiffs demand the following relief:

1.   Judgment in favor of the Plaintiffs, and against Iverson Construction in the amount of $154,343.46, plus applicable interest, attorney fees, and costs.

2.   Such other and further relief as the Court deems just and proper.

Dated this 28th day of November, 2018.

s/Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com