IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BUILDING TRADES UNITED PENSION TRUST
FUND, SCOTT J. REDMAN, WISCONSIN
LABORERS HEALTH FUND, WISCONSIN
LABORERS APPRENTICESHIP & TRAINING FUND,
WISCONSIN LABORERS DRUG FUND, BUILDING
AND PUBLIC WORKS VACATION FUND, JOHN J.
SCHMITT, WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,            OPINION and ORDER
and WISCONSIN LABORERS DISTRICT COUNCIL,
                                                      18-cv-977-jdp
                Plaintiffs,
        v.

IVERSON CONSTRUCTION, LLC, LARRY
IVERSON, and RICHARD IVERSON,

                Defendants.

---

Plaintiffs are a labor union, several employee benefits funds affiliated with the union, and two trustees of those benefits funds. Plaintiffs say that defendant Iverson Construction, LLC, failed to make required contributions to the benefits funds and withheld union dues without actually giving the money to the union. Dkt. 1. Plaintiffs say that defendants Larry Iverson and Ricard Iverson, who oversaw payroll for the company, pocketed the union dues and are individually liable for common law conversion and civil theft under Wisconsin Statute §§ 895.446 and 943.20.

Plaintiffs filed their complaint on November 28, 2018. Only Larry Iverson filed a timely answer. Dkt. 7. Iverson Construction did not respond at all, and the clerk's office entered default against it on January 22, 2019. Dkt. 17.

Now before the court are Richard Iverson's motion for extension of time to file his answer, Dkt. 22, (along with a proposed answer, Dkt. 24) and plaintiffs' motion to strike

Richard Iverson's answer as untimely, Dkt. 26. The court will grant Richard Iverson's motion and deny plaintiffs' motion. To avoid prejudice to plaintiffs, the court will also extend the deadline to file dispositive motions to October 30, 2019.

ANALYSIS

Richard Iverson asks the court to accept his belated filing under Federal Rule of Civil Procedure 6(b)(1)(B), which permits extension of deadlines for good cause if a party failed to act because of "excusable neglect." The court has discretion to decide whether a party's neglect is "excusable," *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015), and "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's [error]." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Richard Iverson says that the delay was caused by a misunderstanding regarding the complaint. Iverson Construction is being sued in three separate cases.[1] Although Richard Iverson previously managed Iverson Construction, all three cases were filed after he gave control of the company to his son, Larry Iverson. Richard Iverson is 78 years old and no longer involved in the day-to-day operations of the company, and when he received plaintiffs' complaint, he mistook it as a filing in one of the other two lawsuits. He thought that no further action was necessary and forwarded the complaint to Iverson Construction's office. When he

---

[1] The lawsuits include this case, a similar case in the Eastern District of Wisconsin, *Local 139 Health Benefit Fund v. Iverson Construction*, No. 18-cv-1788 (E.D. Wis. Nov. 12, 2018), and a case brought by Larry Iverson against both Richard Iverson and Iverson Construction in Dane County Circuit Court, *Larry Iverson v. Richard Iverson*, No. 2018-CV-61 (Wis. Cir. Ct. Dane Cty. Jan. 5, 2018).

later discovered that he had been named as an individual defendant in this case, his lawyer filed an answer.

Plaintiffs say that Richard Iverson's mistake was inexcusable because he should have, at a minimum, read the complaint and discovered that he was named as a defendant before he passed it on. But Richard Iverson is not a lawyer. And the fact that the company is involved in multiple lawsuits makes Iverson's mistake more understandable.[2] Accepting Richard Iverson's answer will not unduly prejudice plaintiffs. Even if the court were to grant plaintiffs' motion to strike and enter default judgment, plaintiffs would still need to provide evidence of damages, including any grounds for awarding punitive damages against Richard Iverson. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). And although plaintiffs were unable to conduct discovery with Richard Iverson for four months, they *were* able to conduct discovery with his codefendant, Larry Iverson, and much of what they obtained in discovery should be applicable to both defendants.

To avoid the possibility of prejudice due to Richard Iverson's delay, the court will extend the dispositive motions deadline to October 30, 2019. If discovery proves to be more complicated than anticipated, and plaintiffs need further extensions, they may move for an extension closer to that deadline.

---

[2] Plaintiffs argue that Richard Iverson established a principal-agent relationship when he forwarded the complaint to the Iverson Construction office, and that he is therefore responsible for the company's decision not to file an answer on his behalf. But because plaintiffs raised this argument for the first time in their reply brief, the argument is waived, and the court need not consider it. *See United States v. Waldrip*, 859 F.3d 446, 451 n.2 (7th Cir. 2017) (citing *Mendez v. Perta Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011)).

ORDER

IT IS ORDERED that:

1. Defendant Richard Iverson's motion for an extension of time to file answer, Dkt. 22, is GRANTED.

2. Plaintiffs' motion to strike Richard Iverson's answer, Dkt. 26, is DENIED.

3. The deadline to file dispositive motions is extended to October 30, 2019.

Entered May 30, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge